FILED
CLERK

2/3/2025 11:48 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SHAQUAN GORDON,
    also known as "Quinton,"
    "Born 2 Win" and "B2W,"

                Defendant.

- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF FORFEITURE

23-CR-39 (GRB)

WHEREAS, on or about January 7, 2025, Shaquan Gordon, also known as "Quinton," "Born 2 Win" and "B2W" (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Three of the above-captioned Indictment, charging violations of 21 U.S.C. §§ 841(b)(1)(A)(vi), 841(b)(1)(C) and 846, and 18 U.S.C. § 924(c)(1)(A)(i); and

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c), the defendant has consented to the forfeiture of all right, title, and interest to the United States in the following assets (collectively, the "Seized Property"):

    (i)    one black 9-millimeter Polymer80 semiautomatic pistol, model #PF940SC, bearing no serial number, seized by law enforcement on or about April 6, 2022, in Selden, New York;

    (ii)    one magazine containing 9-millimeter Luger Cartidges, seized by law enforcement on or about April 6, 2022, in Selden, New York;

    (iii)    one loose 9-millimeter Luger cartidge, seized by law enforcement on or about April 6, 2022, in Selden, New York (items (i) through (iii) collectively, the "Seized Firearm and Ammunition");

  (iv) approximately $37,421.00 in United States currency, seized by law enforcement on or about April 6, 2022, in Selden, New York; and

  (v) approximately $34,010.00 in United States currency, seized by law enforcement on or about February 16, 2023, in Lindenhurst, New York,

as: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the defendant's violation of 21 U.S.C. §§ 841(b)(1)(A)(vi), 841(b)(1)(C), and 846; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; (c) any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922 or 924; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p).

  IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

  1. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. §§ 853(a) and 853(p), and 28 U.S.C. § 2461(c) the defendant shall forfeit to the United States all right, title, and interest in the Seized Property.

  2. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Seized Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order. To the extent that the Seized Firearm and Ammunition are in the custody of any state or local authority, including but not limited to the Property Clerk Division of the New York City Police Department, and are not subject to state or local forfeiture proceedings, such state or local authority is hereby

directed to make the Seized Firearm and Ammunition available for seizure by federal authorities in accordance with this Order.

   3. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Seized Property in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Property as a substitute for published notice as to those persons so notified.

   4. Any person, other than the defendant, asserting a legal interest in the Seized Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Seized Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

   5. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Seized Property in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Property in any

administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Property to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Property passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Property to the United States. Further, if any third party files a claim to the Seized Property, the defendant will assist the government in defending such claims. If the Seized Property are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Property, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

      6.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Seized Property, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

      7.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If

no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) .

9. The forfeiture of the Seized Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court's "so ordering" of the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, two (2) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Melissa Morello, FSA Law Clerk, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
February 3, 2025

SO ORDERED:

_//s/ Gary R. Brown_
HONORABLE GARY R. BROWN UNITED STATES DISTRICT JUDGE EASTERN DISTRICT OF NEW YORK